FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 1 1 2005

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JIMMY SHANE CANTRELL
ADC #98730                                                                                    PLAINTIFF

V.                                     NO: 5:05CV000081 JLH/HDY

G. HARRIS, *et al.*                                                                      DEFENDANTS

## PARTIAL FINDINGS AND RECOMMENDATIONS

Pending before the Court is Plaintiff's motion for a temporary restraining order and motion for a preliminary injunction seeking to force Defendants to answer all of his grievances (docket entry #5). Plaintiff is an inmate at the Varner Unit of the Arkansas Department of Correction ("ADC"), who has filed a *pro se* Complaint (docket entry #1), alleging various constitutional violations.

In considering whether to grant a preliminary injunction, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981) (*en banc*). No single factor is dispositive. *Id.* at 113. However, absent a showing of real or immediate threat, there can be no showing of irreparable injury. *Randolph v. Rogers*, 170 F.3d 850, 856 (8th Cir. 1999) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

"The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). Here, Plaintiff has simply failed to come

1

forward with facts showing that he will suffer irreparable harm unless his request for preliminary injunctive relief is granted. Additionally, it is far from clear that Plaintiff will succeed on the merits. Indeed, the Eighth Circuit has determined that a failure to process a grievance, without more, is not actionable under section 1983. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). In considering this Motion for preliminary injunctive relief, the undersigned has liberally construed Plaintiff's submission. The undersigned recommends on the basis of the foregoing that Plaintiff's motion for a temporary restraining order and preliminary injunctive relief (docket entry #5) be DENIED.

DATED this 10 day of May, 2005.

UNITED STATES MAGISTRATE JUDGE



## UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
UNITED STATES COURTHOUSE
600 WEST CAPITOL AVENUE, SUITE 442
LITTLE ROCK, ARKANSAS 72201

H. DAVID YOUNG  
UNITED STATES MAGISTRATE JUDGE

(501) 604-5180  
FAX (501) 604-5187

May 11, 2005

Jimmy Shane Cantrell
ADC #98730
P. O. Box 600
Grady, AR 71644

RE: Cantrell v. Harris, et al.
    Case No. 5:05CV00081 JLH/HDY

Dear Mr. Cantrell:

Attached is a partial recommended disposition of this case, which has been prepared by this office and submitted to United States District Judge J. Leon Holmes.

Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of this letter. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

Jimmy Shane Cantrell
May 11, 1005
Page 2

----------------------

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern Division of Arkansas
> 600 W. Capitol Avenue, Suite 402
> Little Rock, AR 72201

Very truly yours,

H. David Young
United States
Magistrate Judge

HDY/pg
Enclosures

cc: Honorable J. Leon Holmes, United States District Judge
    File

pq

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

May 12, 2005

* * MAILING CERTIFICATE OF CLERK * *

Re: 5:05-cv-00081.

True and correct copies of the attached were mailed by the clerk to the following:

Jimmy Shane Cantrell
VU
Varner Unit
ADC #98730
Post Office Box 600
Grady, AR  71644-0600

James W. McCormack, Clerk

Date: 5/12/05

BY: